**UNITED STATES ex rel. CASCONE v. SMITH, Commanding Officer of U. S. Army, Fort Devens, et al.**

**Civ. No. 6657.**

District Court, D. Massachusetts.

Feb. 12, 1943.

Edmund J. Brandon, U.S. Atty. and Gerald J. McCarthy, Asst. U.S. Atty, both of Boston, Mass. (William A. Rounds, Colonel, J.A.G.D., Chief Judge Advocate Branch, First Service Command, on the brief), for the Government.

Louis Feinstein, of Boston, Mass., for Cascone, relator.

SWEENEY, District Judge.

This petition for a writ of habeas corpus comes before me on the following stipulated facts:

Louis Cascone is an Italian citizen, and, as such, is an enemy alien. He registered under the Selective Training and Service Act of 1940, 50 U.S.C.A.Appendix § 301 et seq., and filed his questionnaire on or about February 14, 1941. On June 11, 1942, in executing Form No. 304, Item 41, he stated: "I do object to service in the land and naval forces of the United States." On the same day he wrote a letter to his local board as follows:

"Local Board No. 3

"Hartford County

"Gentlemen,

"This note is written to supplement answer to Section XI, subsection 41 of Alien's Personal History and Statement. While I have answered that I do object to military service, I wish to qualify this refusal by stating that I am willing to serve in the armed forces of the United States, but cannot feel free to offer my services for combat duty. My occupation is that of shoemaker, and I am anxious to aid this country in the army in this capacity. My refusal to fight is not based on political beliefs or foreign alliance, but is caused by my personal feelings.

"Please believe me,

"Most sincerely yours,

"Louis Cascone."

On December 12, 1942, Cascone was ordered to report for induction and properly presented himself and was inducted into the United States Army. He is now stationed at Fort Devens.

Section 3(a) of the Selective Training and Service Act of 1940, 50 U.S.C.A. Appendix § 303(a) provides that "no citizen or subject of any country who has been or who may hereafter be proclaimed by the President to be an alien enemy of the United States shall be inducted for training and service under this Act unless he is acceptable to the land or naval forces."

Section 310(a) provides that: "The President is authorized—(1) to prescribe the necessary rules and regulations to carry out the provisions of this Act", and in Subsection (b) is authorized to delegate this authority. Under such delegation the Secretary of War promulgated Army Regulations No. 615–500, and in Section II, Paragraph 7, e, (2), (b), 2, provided that: "No enemy alien or subject of a country allied with the enemy will be accepted if he objects in writing to service in the Army. The Report of Physical Examination and Induction (DSS Form No. 221), of each of the aliens of this category will include the following statement signed by the individual: 'I do not object to training and service in the Army of the United States.'"

 The petitioner contends that, since he did not sign the statement quoted in the regulations, he is not legally required to serve in the armed forces. The difficulty with his reasoning is that he interprets both the statute and the regulations as being limitations upon the right of the Secretary to induct enemy aliens into the Army or Navy. The statute does not limit the type of persons who may be inducted into the service, but states specifically that the Act covers every male citizen and every other male person residing in the United States. The limitation in this section is not to persons, but to the procedure of induction. In other words, it states that an enemy alien cannot be inducted, voluntarily or otherwise, unless he is acceptable to the land or naval forces. This is a limitation upon the right of those charged with the duty of administering the military or naval oaths, and limits their authority in the case of any enemy aliens to those who are acceptable to the land or naval forces. The regulations themselves provide the procedure that is to determine accepta-

bility. Army Regulations No. 615–500, Section II, Paragraph 7, e, (3).

It is only after the procedure has been followed, and acceptability has been affirmatively determined by the Service Command, that the limitations on the authority of inducting officers are removed. In Cascone's case the Army authorities apparently considered his letter of June 11th to be adequate compliance with Army Regulations, No. 615–500, Section II, Paragraph 7, e, (2), (b), 2, for in that letter he stated: " * * * I am willing to serve in the armed forces of the United States * * *." Whether or not this was adequate compliance is not open to this petitioner, since the regulations were provided for the benefit of the Army, and not to detract from the Congressional authority. The petitioner's acceptability was properly determined, and he is properly in the armed forces of the United States.

The writ is denied, and the petition is dismissed.